UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICIA SAN MIGUEL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-04189 |
| AMSHER COLLECTION SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, ALICIA SAN MIGUEL ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of AMSHER COLLECTION SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 50 year old natural person residing at 31 Hill Road, Fox Lake, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff suffers from a variety of physical issues including: spinal stenosis, ruptured disks in her back, sciatic nerve, and osteoarthritis. Due to her various conditions, she is unable to work and is currently in the process of applying for permanent disability income through the Social Security Administration.

7. Defendant identifies itself by stating, "We're a debt collection agency that consumers actually like."[1] From its headquarters located at 4524 Southlake Parkway, Suite 15, Hoover, Alabama, Defendant is a third-party debt collector that is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

8. Defendant is an Alabama corporation that is licensed with the Illinois Secretary of State bearing file number 61930108 and collects consumer debts in multiple states, including Illinois.

9. Amsher is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1987.[2]

## FACTS SUPPORTING CAUSES OF ACTION

11. Due to her various health problems, Plaintiff has incurred a large amount of medical debts owed to various healthcare providers, which she has not been able to satisfy. As a result,

---

[1] http://www.amsher.com/index.html
[2] http://www.acainternational.org/memberdirectory.aspx

she receives numerous calls and correspondences from various parties seeking payment. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12. Upon information and belief, many of Plaintiff's medical providers have turned the collection of their debts over various third-party collection agencies.

13. In an effort to find out who she owed money to, Plaintiff pulled her credit report and observed an entry for Defendant. *See* Exhibit A.

14. On April 5, 2016, Plaintiff called Defendant seeking information as to the nature of the debt that it was collecting on. During the call, she was initially connected to a female representative name Talandra. *Id.*

15. After providing Talandra with her social security number, Plaintiff was transferred to a different female representative of Defendant named Shauntrella. Plaintiff was advised by Shauntrella that Defendant was acting as a debt collector and that the call may be recorded. *Id.*

16. Shauntrella informed Plaintiff that Defendant was collecting a medical debt from Greater Houston Emergency Physicians ("GHEP") for services on November 18, 2010. She also stated the medical bill owed to GHEP totaled $469.00 ("subject consumer debt"). *Id.*

17. Without income, and knowing she could not afford the full amount of the subject consumer debt, Plaintiff asked Shauntrella if there were any settlement options available. *Id.*

18. Shauntrella stated that Defendant would take 20% off the subject consumer debt, which would be a payment of $376.00. *Id.*

19. Confused over Defendant's settlement offer, Plaintiff reviewed the same with CLP.

20. Plaintiff has incurred costs and expenses consulting with her attorneys. She suffered financial loss as a result of Defendant's collection actions.

21. Plaintiff has been misled by Defendant's collection actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section: The false representation of the character, amount, or legal status of any debt; The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e, e(2)(A), and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

24. Defendant violated 15 U.S.C. §§1692e, e(2)(A), e(10), and f during the March 5, 2016 phone call with Plaintiff. During this call, Shauntrella advised Plaintiff that the subject consumer debt totaled $469.00. Shauntrella went on to extend a settlement offer to Plaintiff of what she represented to be 20 percent. According to Defendant, 20 percent of the subject consumer debt equated $376.00. However, the amount stated by Defendant was less than the 20 percent discount proposed to Plaintiff. If Defendant was actually offering Plaintiff a 20 percent discount as stated, then it would have sought payment of $375.20.

25. Defendant was not under any obligation to present Plaintiff with a settlement offer. However, because it did so, the FDCPA imposes a duty to make the statements surrounding the settlement offer true and accurate. Shauntrella's representation that Plaintiff was receiving a 20 percent discount if she paid $376.00 was false and misleading. If Defendant wanted to offer a 20 percent settlement in order to compel Plaintiff to pay the subject consumer debt, it could have just as easily stated that Plaintiff needed to pay $375.20. While a $.80 difference may not be a lot of money to Defendant, it is a sizable difference to someone without income.

4

26. As an experienced and sophisticated debt collector, Defendant is under an affirmative duty not to engage in false or misleading communications with consumers. Defendant breached this duty by presenting Plaintiff with conflicting information regarding settlement of the subject consumer debt. Had Plaintiff acquiesced to Shauntrella's prompt and taken the 20 percent settlement offer, she would have no assurance Defendant would not later seek additional payment from her.

27. As plead in paragraphs 19 through 21, Plaintiff has been misled and suffered damages as a result of Defendant's illegal collection actions.

WHEREFORE, Plaintiff, ALICIA SAN MIGUEL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 11, 2016   Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611

(267) 422-1000 (phone)
(267) 422-2000 (fax)
nate.v@consumerlawpartners.com
davidklain@aol.com